## JONAU v. DREUX.

A judgment creditor may seize property in the possession of a third person under a simulated transfer from his debtor, without resorting to a revocatory action.

APPEAL from the City Court of New Orleans, Collens, J.

S. L. Johnson, for the appellant. Dreux, defendant, pro se.

The judgment of the court was pronounced by

ROST, J. The plaintiff being a judgment creditor of one Michel Meffre, instituted a revocatory action against Barthelemi Populus, on the ground of simulation, and obtained against him a judgment ordering four certain judgments obtained against Populus on notes transferred to him by Meffre, to be seized and sold as the property of the latter, to satisfy the judgment of the plaintiff against him. Before the judgment in the revocatory action was signed, Adelain Dreux, who was also a judgment creditor of Meffre, took out an execution, and the marshal of the City Court, finding neither moveable nor immovable property of the defendant, seized and advertized all his right, title and interest in the judgments obtained by Populus as already stated. The plaintiff, after his judgment became executory, enjoined the sale, on the ground that the seizure was illegal, and that it was intended to deprive him of the rights he had acquired by his judgment, and would work him an irreparable injury.

The defendant, *Dreux*, took a rule on the plaintiff to show cause why the injunction should not be dissolved, with damages, on the following grounds : 1st. That the judgments seized have been decided to be the property of *Meffre*, and that the plaintiff shows no right in himself to prevent their being seized for the payment of *Meffre's* debts. 2d. That if, from the nature of his claim, the plaintiff has any privilege to exercise, the privilege must be exercised on the proceeds of the property sold, by the way of third opposition. The court below, after hearing, dissolved the injunction, with ten per cent interest on the amount enjoined, and the plaintiff has appealed.

This case presents the question, whether a judgment creditor is, in all cases, bound to resort to the revocatory action, before he can seize property in possession of a third person under a transfer from his debtor. We have uniformly determined that he is not. He may seize at his peril. When the possessor of the property enjoins the sale, and shows that he holds under a real contract, the injunction is perpetuated, and the seizing creditor must resort to the revocatory action. If, on the other hand, the transfer alleged is proved to be a simulation, a mere shadow cast upon the real title, the court takes no notice of it, and the seizing creditor is allowed to proceed under his execution.

In this case the judgment in the revocatory action appears to have been that the title of *Populus* was absolutely null and void. The defendant was therefore entitled to proceed under his seizure, and the injunction was properly dissolved. If the plaintiff's claim is privileged, or if he is entitled to be paid concurrently with the seizing creditor under art. 301 of the Code of Practice, he must exercise his right on the proceeds of the sale, in the manner provided by law.                     *Judgment affirmed.*